IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

BRANDON BLANKENSHIP,

    Plaintiff,

V.                                CIVIL ACTION NO. 3:03-0312

JO ANNE BARNHART,
Commissioner of Social Security,

    Defendant.

**<u>FINDINGS AND RECOMMENDATION</u>**

Presently pending before the Court is defendant's motion to dismiss the complaint as not timely filed. Defendant brings her motion under the provisions of 42 U.S.C. §405(g), which provides that:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

The motion is supported by the declaration of Robin M. Marquis, Chief, Court Case Preparation and Review Branch 2, Office of Appellate Operations, Office of Hearings and Appeals, Social Security Administration, in which it is asserted that on October 29, 1999, a hearing decision denying plaintiff's claim was issued and a copy mailed to plaintiff who then requested review of the decision by the Appeals Council. On December 28, 2000, the Appeals Council mailed plaintiff and his attorney notice of its denial of the request for review, informing plaintiff of his right to

commence a civil action within sixty days from the date of receipt. The notice was mailed to plaintiff's correct address, according to the affidavit. A request for an extension of time was not submitted and the present civil action, commenced April 8, 2003, was obviously filed well beyond the period contemplated by the statute and the Commissioner's regulations.

Although §405(g) provides for a sixty day period "from mailing" for filing suit, it also authorizes extension of the period to "such further time as the Commissioner of Social Security may allow." By regulation, the Commissioner has extended the period to sixty days after notice is "received," providing that the date of receipt "shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary." 20 C.F.R. §422.210(c).

The response to the motion to dismiss contains assertions that neither plaintiff nor his attorney received the notice sent by the Appeals Council and still have not received a copy of the decision despite requests by counsel's secretary and a representation that the decision would be mailed. In the complaint, counsel also related that he became aware of the Appeals Council's decision on April 1, 2002, over one year before he filed this civil action.[1] He states he wrote a letter to the Appeals Council on that date requesting a copy of the decision but never received it. He also attached an affidavit in which he represents that he has not received a decision from the Appeals Council and that his secretary related to him on March 28, 2003, that a decision had been made. There is no affidavit from plaintiff.

As noted, the presumption that notice of the Commissioner's decision is received within five days of mailing is rebuttable; however, plaintiff has done nothing more than allege that

---

[1] This would have constituted actual notice of the decision. See, McMahan v. Barnhart, 377 F.Supp.2d 534, 536 (W.D. Va. 2005).

he did not receive the notice and present the affidavit and allegations of his attorney that he also did not receive notice "regarding the decision." As other courts have determined, this, without more, is insufficient to rebut the presumption of receipt. See, Kinash v. Callahan, 129 F.3d 736, 738 (5th Cir. 1997)(*per curiam*); McCall v. Bowen, 832 F.2d 862, 864 (5th Cir. 1987); Leslie v. Bowen, 695 F.Supp., 504, 506 (D. Kan. 1988). Finally, the Court can find no basis for application of the doctrine of equitable tolling under the facts of this case.[2]

## RECOMMENDATION

In light of the foregoing, it is **RESPECTFULLY RECOMMENDED** that defendant's motion to dismiss be granted and this case be dismissed and retired from the Court's docket.

Plaintiff and defendant are hereby notified that a copy of these Findings and Recommendation will be submitted to the Honorable Robert C. Chambers, United States District Judge, and that, in accordance with the provisions of Rule 72(b), Fed.R.Civ.P., the parties may, within thirteen days of the date of filing these Findings and Recommendation, serve and file written objections with the Clerk of this Court, identifying the portions of the Findings and Recommendation to which objection is made and the basis for such objection. The judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made in accordance with the provisions of 28 U.S.C. §636(b) and the parties are advised that failure to file timely objections will result in a waiver of their right to appeal from a judgment of the

---

[2] See, Bowen v. City of New York, 476 U.S. 467, 479-82 (1986).

district court based on such Findings and Recommendation. Copies of objections shall be served on all parties with copies of the same to Judge Chambers and this Magistrate Judge.

The Clerk is directed to file these Findings and Recommendation and to mail a copy of the same to all counsel of record.

DATED: May 10, 2006

*[signature]*
MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE